IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No.1:08-cr-89

United States of America

v.

Lorenzo Antonio Lara-Guerrero

                     Defendant

**Findings of Fact and Recommendation on Guilty Plea
Before United States Magistrate Judge**

Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned United States Magistrate Judge to receive defendant's guilty plea.

On September 4, 2008, defendant, defendant's counsel, and the government came before the court for guilty plea and allocution on Count I of the Indictment filed herein, charging a violation of 8 U.S.C. § 1326(a). After conducting proceedings in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, the undersigned accepted the guilty plea and finds:

(1) Defendant, after consultation with counsel of record, knowingly and voluntarily consents to pleading guilty before a United States magistrate judge,

and did plead guilty to Count I of the Indictment subject to final approval of the plea agreement, conviction and imposition of sentence by the district judge to whom this case is assigned.

(2) Defendant is fully competent and capable of entering an informed plea, is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

(3) Defendant's plea is made pursuant to a plea agreement, a copy of which was produced for inspection and filed in the record. The plea agreement is of the type specified in Fed. R. Crim. P. 11 (c)(1)(A) and (B), in that (1) the government agrees to not bring, or move to dismiss, other charges and (2) the parties agree and make a non binding recommendation that a particular provision of the Sentencing Guidelines, policy statement, or sentencing factor does or does not apply.

(4) Defendant was advised that the court would defer its decision as to acceptance or rejection of the plea agreement until there has been an opportunity to consider the presentence report.

(5) Defendant was further advised that if the court chooses not to follow the plea agreement's stipulations regarding appropriate sentencing factors, defendant will have no right to withdraw the plea.

(6) Defendant was further advised that if the court accepts that part of the plea agreement provision wherein the United States agrees to dismiss or not bring other charges, such agreed disposition will be included in the judgment. Defendant was further advised that if the court rejects that provision, the court will give defendant an opportunity to withdraw the plea of guilty. Defendant

was further advised that if defendant were to then choose not to withdraw the plea of guilty, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

## RECOMMENDATION

Defendant's guilty plea has been accepted. The court should defer its decision as to acceptance or rejection of the plea agreement until it has an opportunity to consider the presentence report. If the court ultimately decides to accept the plea agreement, defendant should be adjudged guilty of the offense to which he has pleaded guilty.[1]

SIGNED this 4 day of September, 2008.

*Earl S. Hines*
_____
Earl S. Hines
United States Magistrate Judge

---

[1] 28 U.S.C. § 636 normally gives parties ten days to object to recommendations submitted by a magistrate judge. However, as this recommendation is agreed, the court need not wait ten days before adopting such recommendation.